**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| GEORGE FEDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-CV-58 PLC |
| DANIEL REDINGTON, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff George Fede's application to proceed in the district court without prepaying fees or costs. (ECF No. 2). Having reviewed the application and the financial information provided in support, the Court will grant the application and assess an initial partial filing fee of $36.70. *See* 28 U.S.C. § 1915(b)(1). In addition, for reasons discussed below, the Court will dismiss this matter without prejudice.

**28 U.S.C. § 1915(b)(1)**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his application, plaintiff has submitted an account statement that reflects deposit activity from May 15, 2023 to September 25, 2023. (ECF No. 3). While the statement does not cover the entire six-month period preceding the filing of the complaint, the Court was able to calculate an average monthly deposit of $183.50 for the period shown. Thus, the Court will assess an initial partial filing fee of $36.70, representing 20 percent of plaintiff's average monthly balance over that time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), this Court is required to review all complaints filed in forma pauperis and must dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. *Id.* When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Chase County Jail in Cottonwood Falls, Kansas. (ECF No. 6). He brings this suit under 42 U.S.C. § 1983 for alleged misconduct by officials at Northeast Correctional Center (NECC) in Bowling Green, Missouri. (ECF No. 1). Plaintiff names the following individuals as defendants: (1) Daniel Redington (Warden, NECC); (2) Chantay Godert (Deputy Warden, NECC); (3) Unknown Cecil (Correctional Officer, NECC); and (4) Unknown Davis (Correctional Officer, NECC). Plaintiff does not specify whether he is suing defendants in their official capacities, individual capacities, or both. *Id.*

Plaintiff filed this action using what appears to be an outdated version of the Court's Prisoner Civil Rights Complaint form. *Id.* In the section titled "Statement of Claim," plaintiff states that he was placed in disciplinary segregation following a conduct violation. *Id.* According to plaintiff, he returned to general population 46 days later and discovered that some of his personal property was missing. *Id.* Plaintiff asserts that he "was informed those items were placed on hold due to [him] being over the limit." *Id.* Plaintiff claims that he filed a grievance to recover his property. *Id.*

The Missouri Department of Corrections transferred plaintiff to Farmington Correctional Center (FCC) on November 22, 2022. *Id.* Plaintiff requested his missing property upon entry and was told to file another grievance. *Id.* According to plaintiff, "FCC contacted NECC due to NECC giving [him] 30 days to mail [the] property due to me transferring to FCC." *Id.* Plaintiff states that NECC then sent his property to FCC but additional property was missing. *Id.* Plaintiff asserts that he followed grievance procedures to no avail. *Id.*

Plaintiff contends that "[p]er policy, [h]e should have been given the opportunity to dispose of the unauthorized property by being afforded the opportunity to mail or donate items." *Id.* He states that he was only able to mail "a very small portion" of his property because 95% of the property was missing. *Id.* He seeks $25,000 in monetary damages. *Id.*

## Discussion

The crux of plaintiff's complaint is that the defendants interfered with his right to possess his personal property. There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of property where the State provides an adequate post-deprivation remedy. *See, e.g., Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for the recovery of personal property. *Id.* Thus, plaintiff fails to state a claim under 42 U.S.C. § 1983 upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $36.70 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

4

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of February, 2024.